#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF GEORGIA
#### ALBANY DIVISION

| | |
|---|---|
| KELLI FAIRCLOTH, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:24-CV-171 (LAG) |
|  | : 1:24-CV-194 (LAG) |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

## ORDER

Before the Court are (1) the Parties' Joint Motion to Delay Issuance of Scheduling Order (Doc. 6), filed April 21, 2025, and (2) Plaintiff's Unopposed Motion to Consolidate (Doc. 7), filed May 1, 2025. For the reasons stated below, Plaintiff's Unopposed Motion to Consolidate is **GRANTED** and the Parties' Joint Motion to Delay Issuance of a Scheduling Order is **DENIED as moot**.

Plaintiff filed two Complaints alleging medical malpractice. *Faircloth v. United States of America (Faircloth I)*, No. 1:24-CV-171-LAG (M.D. Ga. Nov. 1, 2024); *Faircloth v. Fecarotta, et al. (Faircloth II)*, No. 1:24-CV-194-LAG (M.D. Ga. Dec. 9, 2024). Plaintiff filed the Complaint in the above-captioned case on November 1, 2024. *Faircloth I*, No. 1:24-CV-171-LAG (Doc. 1). Therein, Plaintiff alleges that the United States of America is vicariously liable for the alleged medical negligence of (1) Primary Care of Southwest Georgia, Inc. (PCSWGA); (2) James Brown, M.D.; and (3) Lisa Sellers, NP. (*See generally id.*; Doc. 7 at 3–4). On December 9, 2024, Plaintiff removed an action originally filed in the State Court of Decatur County on November 4, 2024, to the Middle District of Georgia. *Faircloth II*, No. 1:24-CV-194-LAG (Doc. 1). Therein, Plaintiff alleges that (1) Christopher Fecarotta, M.D. is liable for medical malpractice; (2) FH Eye, RetinaVue, Baxter, and John Does 9–10 are vicariously liable for Fecarotta's alleged negligence; and

(3) FH Eye, RetinaVue, Baxter, and John Does 9–10 are liable for negligently hiring and retaining Fecarotta. (*See generally id.*; Doc. 7 at 4).

Federal Rule of Civil Procedure 42(a) authorizes district courts to consolidate actions that involve "a common question of law or fact." While "[a] district court's decision whether to consolidate is 'purely discretionary'" the Court must weigh

> [w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

Here, Plaintiff has filed nearly identical Complaints arising out of the same incident; but rather than naming all Defendants in one action, Plaintiff has brought separate actions. *See Faircloth I*, No.1:24-CV-171-LAG; *Faircloth II*, No.1-24-CV-194-LAG. The risk of prejudice from consolidation is minimal as the cases concern the same underlying facts, involve the same legal issues, and seek the same types of relief. Furthermore, because the cases are nearly duplicative, consolidation will not create the "confusion that might attend a consolidated trial." *See Eghnayem*, 776 F.2d at 1313. In fact, the Parties risk inconsistent adjudication on the same underlying claims if the cases proceed separately. *See id.* at 1314. Accordingly, the risk of inconsistent adjudication from separate trials outweighs the risk of possible prejudice that may arise from consolidating the cases. Moreover, consolidation will resolve the claims at one time, thereby reducing the burden to the Parties and potential witnesses who would likely be required to testify in both cases. Finally, consolidation of the cases will conserve judicial resources and ensure the efficient resolution of the cases.

Accordingly, the Clerk of Court is **DIRECTED** to consolidate *Faircloth II*, No. 1:24-CV-194-LAG (M.D. Ga. Dec. 9, 2024) into *Faircloth I*, No. 1:24-CV-171-LAG (M.D. Ga. Nov. 1, 2024). The Clerk of Court is further **DIRECTED** to file this Order in the companion case, *Faircloth II*, No. 1:24-CV-194-LAG and to **ADMINISTRATIVELY**

**CLOSE** *Faircloth II*, No. 1:24-CV-194-LAG. The Parties' Joint Motion to Delay Issuance of Scheduling Order (Doc. 6) is **DENIED as moot**. A proposed scheduling and discovery order shall be filed within **twenty-one (21) days** of this Order.

**SO ORDERED**, this 8th day of May, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**